1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| UNIVERSITY MEDICAL PHARMACEUTICALS CORP., <br><br> Plaintiff, <br><br> v. <br><br> ISIS BIOPOLYMER, INC., and DOES 1 through 50, inclusive, <br><br> Defendants. | Case No. SACV10-01584 DOC (Ex) <br><br> Hon. David O. Carter <br><br> **[PROPOSED] PROTECTIVE ORDER** <br><br> Action Filed: Oct. 18, 2010 <br> Department:   9-D |
| ISIS BIOPOLYMER, INC., <br><br> Counterclaimant, <br><br> v. <br><br> UNIVERSITY MEDICAL PHARMACEUTICALS CORP., <br><br> Counterdefendant. | |

The Court, having considered the Joint Stipulation Regarding Protective Order, agreed upon by and between University Medical Pharmaceuticals Corporation ("UMP") and Isis Biopolymer, Inc. ("Isis"), and finding good cause appearing, HEREBY ORDERS that the following parameters govern the production of documents, electronically-stored information, and other discovery materials in the above-captioned action.

## DEFINITIONS

1. "Action" means the action captioned *University Medical Pharmaceuticals, Inc. v. Isis Biopolymer, Inc.*, Case No. SACV10-01584 DOC (Ex), which is currently pending in the United States District Court for the Central District of California.

2. "Confidential Information" shall refer collectively to all documents and tangible things designated "Confidential" or "Attorneys' Eyes Only."

3. "Court" shall refer to the United States District Court for the Central District of California.

4. "Disclose" means to produce, show, give, make available, reproduce, communicate, process, paraphrase, summarize, or excerpt, in whole or in part, by any means or medium.

5. "Disclosure" means the production, showing, giving, making available, reproduction, communication, processing, paraphrasing, summarizing, or excerpting, in whole or in part, by any means or medium.

6. "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term in Rule 34(a) of the Federal Rules of Civil Procedure.

7. Electronically-Stored Information ("ESI") is defined to be synonymous in meaning and equal in scope to the usage of the term in Rule 34(a) of the Federal Rules of Civil Procedure.

8. "Material" means information in written, oral, graphic/pictorial, audiovisual or other form, whether it be ESI, a Document, information contained in

a Document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise Disclosed and/or any copies or reproductions, excerpts, summaries or other list, documents or media that excerpt, contain, or otherwise reveal the substance of such information.

9. "Parties" means Isis and UMP.

10. "Party" means any of the Parties.

11. "Producing Party" means the Party, party or entity, including third parties, that has produced Confidential Information.

12. "Person" means any natural person, partnership corporation association, or other legal entity, as well as its parents, subsidiaries, affiliates, board members, officers, employees, agents, attorneys, and representatives.

13. "Receiving Party" means a Party, party or entity that receives Material from a Producing Party.

## SCOPE

14. This Order shall be binding on: (a) the Parties; (b) counsel for all of the Parties; and (c) any other Person who receives or possesses Materials produced by a Producing Party.

15. To preserve legitimate proprietary and privacy interests, this Order: establishes procedures for Producing Parties' production of Materials; imposes restrictions upon Persons who may receive Material produced by the Parties; and imposes obligations on Person receiving such Material to protect such material from unauthorized use or Disclosure.  Material produced by the Producing Parties shall not be used or Disclosed by any Person except as specifically and expressly permitted by this Order.

16. Material produced by a Producing Party, whether or not designated as Confidential Information, shall be used solely for the purpose of, and only to the extent necessary for, prosecuting or defending the claims in the Action.  Such Material shall not be used or otherwise Disclosed by any Person for any other

purpose, including, without limitation, any business, competitive, personal, private, public, commercial, or other purpose.

17. Material produced by a Producing Party, whether or not designated as Confidential Information, may be Disclosed to a Person only to the extent that such a Person has a legitimate need, in connection with the prosecution or defense of the claims in the Action to know the information contained in the materials.

18. The provisions of this Order extend to all information and Materials produced by the Producing Parties, regardless of the manner in which they are Disclosed, including, without limitation, Documents, interrogatory answers, responses to requests for admissions, deposition transcripts, deposition exhibits, and any copies, notes, abstracts, or summaries of the foregoing materials.

## CONFIDENTIAL INFORMATION

19. A Producing Party may designate all or any part of a Document or Material produced as "Confidential" as described in paragraph 20 below. Such designation may be made with respect to any information or Material, regardless of the manner in which it is Disclosed, including, without limitation, Documents, interrogatory answers, responses to requests for admissions, deposition transcripts, deposition exhibits, and any copies, notes, abstracts, or summaries of the foregoing materials.

20. "Confidential" material shall mean Material that the Producing Party reasonably believes is of a proprietary or commercially sensitive nature, or should otherwise be subject to confidential treatment because it contains personal data, i.e., private information relating to an identified or identifiable natural person. The Producing Party shall affix the following designation on such Material: CONFIDENTIAL. To the extent that ESI is produced in such form, the Producing Party may designate such material as "Confidential" by cover letter referring generally to such matter and by affixing (where possible) a label on the ESI or its casing indicating such designation.

**ATTORNEYS' EYES ONLY INFORMATION**

21. A Producing Party may designate all or any part of a Document or Material produced as "Attorneys' Eyes Only" as described in paragraph 22 below. Such designation may be made with respect to any information or Material, regardless of the manner in which it is Disclosed, including, without limitation, Documents, interrogatory answers, responses to requests for admissions, deposition transcripts, deposition exhibits, and any copies, notes, abstracts, or summaries of the foregoing materials.

22. "Attorneys' Eyes Only" material shall mean Material that the Producing Party reasonably believes is especially sensitive in nature and could cause competitive harm if Disclosed to an unauthorized Person, including, for example, non-published, pending patent application Materials, proprietary research and development Materials, and proprietary formulas. The Producing Party shall affix the following designation on such Material: ATTORNEYS' EYES ONLY. To the extent that ESI is produced in such form, the Producing Party may designate such material as "Attorneys' Eyes Only" by cover letter referring generally to such matter and by affixing (where possible) a label on the ESI or its casing indicating such designation.

**INADVERTENT FALURE TO DESIGNATE**

23. The inadvertent failure by a party to designate Material as Confidential Information shall not be a waiver of such designation provided that the party who fails to make such designation informs the Receiving Party that such Material is Confidential Information within three (3) business days from when the failure to designate first became known to the Producing Party. The Receiving Party shall not be in breach of this Order for any use made of such Material in connection with the prosecution or defense of the claims in this Action before the Receiving Party was informed of the inadvertent failure to designate. Once the Receiving Party has been informed of the inadvertent failure to designate, the Receiving Party shall take

reasonable steps to, at the Producing Party's option: (a) ensure that all copies, including copies disseminated to others, of any such Materials are returned promptly to the Producing Party; (b) are destroyed and the Receiving Party certifies in writing of such destruction; or (c) or ensure that all copies of any such Materials are marked with the proper designation and distributed only as permitted under this Order. If data or information has been extracted from any Materials that are subsequently re-designated pursuant to this paragraph, to the extent possible, the information and/or data shall be expunged and not used.

## CHALLENEGES TO DESIGNATIONS

24. The following procedures shall govern any challenges to a Producing Party's confidentiality designations:

(a) If a Party reasonably believes that Material should not have been designated "Confidential" or "Attorneys' Eyes Only," the Party must provide the Producing Party with a written objection that identifies the Material at issue and states the Party's reasons for questioning the confidentiality designation. Such written objection must be provided within a reasonable time after the Material is designated as "Confidential" or "Attorneys' Eyes Only" by the Producing Party, but in any event, no more than thirty (30) days after such designation.

(b) The Producing Party must respond to the written objection in writing within ten (10) business days, or within such additional time as is reasonable and is agreed to by counsel or ordered by the Court.

(c) If a Party is not satisfied by the Producing Party's response, it may move the Court to lift or change the confidentiality designation, as may be appropriate. It shall be the Producing Party's responsibility on any such motion to demonstrate the appropriateness of its confidentiality designation.

(d) Until the Court rules on any such motion, the original confidentiality designation shall remain in effect. If the Court rules that the

Material was not appropriately designated, the original designation shall remain in effect for ten (10) business days after entry of the Court's order, during which time the Producing Party shall re-designate and reproduce the Material as appropriate. In this case, other Persons that received the mis-designated Material at issue shall promptly return all copies of such Material to the Producing Party.

## DISCLOSURE OF CONFIDENTIAL INFORMATION

25. Each Person to whom Confidential Information is Disclosed, except the Parties' outside counsel, the Court and its personnel, shall, before receiving any Confidential Information, agree to be bound by this Order and shall indicate such agreement by signing the acknowledgement attached as Exhibit A hereto.

26. Subject to the other restrictions in this Order, Material designated as "Confidential" may be Disclosed only to the persons identified below:

(a) The Parties to the Action and any employees or former employees of the Parties who are actively involved in the prosecution or defense of claims in the Action;

(b) The Court and appropriate court personnel;

(c) Outside counsel for any Party who are retained to assist the Party in the prosecution or defense of claims in the Action;

(d) Members of the legal, paralegal, secretarial or clerical staff of such outside counsel who are assisting in or responsible for working on the claims in the Action;

(e) In-house counsel for any Party specifically assigned by the Party in question to provide or assist in providing legal advice on the prosecution or defense of claims in the Action;

(f) Any person who was either an author or recipient of the information in question prior to the intended Disclosure in the Action;

(g) Any other Person authorized to receive such information by prior written consent of the Producing Party or prior order of this Court;

(h) Any witness at an interview, trial, hearing or deposition in this matter, or in preparation therefore, where the Disclosing attorney believes in good faith that showing the information to the witness will assist the attorney in the prosecution or defense of the claims in the Action;

(i) Consulting or testifying experts retained by Parties for assistance in the prosecution or defense of claims in the Action;

(j) Private arbitrators and mediators involved in resolving disputes over claims in the Action; and

(k) Litigation support personnel actively involved in the Action, including court reporters, court videographers, and copy vendors.

27. Subject to the other restrictions in this Order, Material designated as "Attorneys' Eyes Only" may be Disclosed only to the persons identified below:

(a) The Court and appropriate court personnel;

(b) Outside counsel for any Party who are retained to assist the Party in question in the prosecution or defense of claims in the Action;

(c) Members of the legal, paralegal, secretarial or clerical staff of such counsel who are assisting in or responsible for working on the claims in the Action;

(d) Any person who was either an author or recipient of the information in question prior to the intended Disclosure in the Action;

(e) Any other Person authorized to receive such information by prior written consent of the Producing Party or prior order of this Court;

(f) Any witness at an interview, trial, hearing or deposition in this matter, or in preparation therefore, where the Disclosing attorney believes in good faith that the witness either has previously seen or had access to such

information or is likely to be shown such information at trial, hearing or deposition;

  (g) Consulting or testifying experts retained by Parties for assistance in the prosecution or defense of claims in the Action;

  (h) Private arbitrators and mediators involved in resolving disputes over claims in the Action; and

  (i) Litigation support personnel actively involved in the Action, including court reporters, court videographers, and copy vendors.

28. All pleadings, motions, or other papers filed with the Court that contain or make reference to Confidential Information shall be filed under seal in a sealed envelope, shall be kept under seal by the Clerk of the Court, and shall not be part of the public record in the Action. The sealed envelope shall prominently bear the designation "Confidential — Filed Under Seal" or "Attorneys Eyes Only/Confidential – Filed Under Seal" as appropriate and such filing shall comply with Local Rule 79-5.1.

## DISCLOSURE OF CONFIDENTIAL INFORMATION DURING INTERVIEWS, DEPOSITIONS, AND PRE-TRIAL PROCEEDINGS

29. No Person shall Disclose Confidential Information during the course of any interview, deposition, or pre-trial proceeding in the Action, except under the terms authorized in this Order. In no event shall any interviewee, deponent, or witness retain copies of Material designated as Confidential Information. Deponents may keep a copy of their deposition transcript on the condition that they sign the acknowledgement attached hereto as Exhibit A.

30. Confidential Information shall not be Disclosed during the course of a deposition or interview in the Action for any purpose other than examining the witness with respect to claims or defenses in the Action.

31. The Parties shall confer and attempt to agree before any trial or other hearing on the procedures under which Confidential Information may be introduced

into evidence or otherwise used at such trial or hearing.  Absent agreement, the Court shall be asked to issue an order governing the use of such Confidential Information at trial or hearing upon reasonable notice to all Parties.

32. Absent agreement pursuant to paragraph 31 above, any Party that intends to Disclose Confidential Information at trial or in any pre-trial proceeding shall so inform the Court at least seven (7) days in advance of actual Disclosure of its intention to do so, stating whether such Material is designated "Confidential" or "Attorneys' Eyes Only."  In such notice, the Party need not identify the specific Material to be Disclosed, but should identify the general subject matter of the Material to be Disclosed and the reason(s) such Disclosure is needed.  Upon such notice, the Court will decide what precautions, if any, are appropriate to protect the Confidential Information, including: (a) how exhibits containing Confidential Information should be introduced at the proceeding in order to maintain their confidentiality; (b) how any references to those exhibits or other Confidential Information should be made on the record; (c) how witnesses should be instructed concerning their confidentiality obligations under this Order; (d) whether persons who are not authorized to receive Confidential Information should be excluded from those portions of the proceeding that concern such information; and (e) how the pertinent portions of a transcript of the proceeding should be designated.

**INADVERTENT DISCLOSURE OF PRIVILEGED MATERIALS**

33. Rule 26(b)(5) of the Federal Rules of Civil Procedure shall govern any inadvertent production of materials produced in response to discovery requests in this Action by any Party that claims Material should have been withheld on the grounds of privilege, including the work produce doctrine (collectively referred to as "Inadvertently Produced Privileged Material").  In connection with any motion presented to the Court pursuant to Rule 26(b)(5), the Receiving Party may not assert that the fact of the allegedly inadvertent production alone constitutes a waiver of an applicable privilege.  However, nothing in this paragraph shall preclude a Party from

10
**[PROPOSED] PROTECTIVE ORDER**

asserting that the production of the allegedly Inadvertently Produced Privileged Material was not inadvertent or that the conduct or circumstances constitute a waiver.

## MISCELLANEOUS

34. Any Person who has received Materials subject to this Order who receives a request or subpoena for production or Disclosure of such Material shall immediately give written notice to the Producing Party's outside counsel identifying the information sought and providing a copy of the request or subpoena. The Person subject to the request or subpoena shall not produce or Disclose the requested Material unless: (a) the Producing Party specifically consents in writing; (b) the Producing Party fails to seek relief from the subpoena or request within thirty (30) days of receiving notice; or (c) notwithstanding the Producing Party's request for relief, production or Disclosure is ordered by a court of competent jurisdiction. In the event such production or Disclosure is ordered in another proceeding, the Person subject to the request or subpoena shall use reasonable efforts to negotiate a protective order that contains the same level of protection provided in this Order.

35. To the extent that any Person creates, develops, or otherwise establishes on any digital or analog machine-readable device, recording media, computers, discs, networks, or tapes any information, files, databases, or programs that contain Confidential Information, that Person and/or its counsel must take all necessary steps to ensure that access to that device or media is restricted to those Persons who, by the terms of this Order, are permitted to receive such Confidential Information.

36. This Order shall apply to non-parties who are obliged to provide discovery by deposition, production of documents or otherwise in the Action, if such non-party requests protection of this Order as to the non-party's Confidential Information and complies with the provisions of this Order.

37. All terms in this Order relating to Materials produced by any Party shall apply to the substance and/or content found therein and shall also apply to any copies, reproductions, or summaries of such Materials.

38. Persons receiving Materials governed by this Order shall take all reasonable technical and organizational measures to prevent unauthorized access to, Disclosure, use, or other Processing of, Materials.

39. Nothing in this Order shall restrict the use by a Party of its own Materials.

40. This Order is without prejudice to a Party's right to assert the attorney client privilege, attorney work-product protection, or any other privilege or objection.

41. Neither this Order nor the Disclosure of Materials shall be deemed a concession or determination of the relevance, materiality, or admissibility of Materials governed by or Disclosed under this Order.

## RETURN/DESTRUCTION OF MATERIALS

42. After the conclusion of the above-captioned action, including any appeals thereof, all Confidential Information, including all copies and derivative works thereof, shall be returned to the Producing Party or, with advance written consent of the Producing Party, destroyed, except that each parties' outside counsel may maintain one copy for archival purposes of the following types of documents containing Confidential Information: (a) their own attorney work product; (b) correspondence between the parties or counsel for the parties; (c) discovery requests and responses, but not documents produced in response to such discovery requests; (d) papers filed with the Court and exhibits thereto; and (e) one copy of any version received from the court reporter (*e.g.*, paper, miniscript, and ASCII versions) of a deposition transcript, and accompanying exhibits. The Receiving Party shall certify in writing that all such material, including Confidential Information disclosed hereunder, has been returned or destroyed.

**IT IS SO ORDERED.**

Dated: _____, 2011

_____
The Honorable David O. Carter
United States District Court Judge

# EXHIBIT A

*University Medical Pharmaceuticals Corp. v. Isis Biopolymer, Inc.*
Case No. SACV10-01584 DOC (Ex) (C.D. Cal.)

I hereby acknowledge that I, [name], [position of employment], am about to receive Confidential Information supplied by a Producing Party in *University Medical Pharmaceuticals Corp. v. Isis Biopolymer, Inc*. I certify my understanding that such information will be provided to me pursuant to the terms and restrictions of the Court Order dated _____, 2011, and that I have been given a copy of and have read this Order and agree to be bound by its terms. I understand, agree, and represent that such materials, or any notes, copies, or other records that may be made regarding any such matter, shall not be Disclosed to any Persons, used, or otherwise Processed except as provided in that Order. I am in a position and able to willing to comply with that Order. I hereby affirm that the foregoing is true and correct.

Dated: _____

_____
Name (printed or typed)

_____
Signature

Title: _____

Address: _____

_____

Phone: _____